# United States District Court
# Central District of Illinois

**Leslie Allen Smith,**
    **Plaintiff,**

    vs.                06-1101

**Rich Veach, et al.,**
    **Defendants.**

## Order

  Before the court is the plaintiff, Leslie Allen Smith's complaint brought pursuant to 42 U.S.C. Section 1331. Smith is a federal prisoner currently incarcerated at the Federal Correctional Institution located in Pekin, Illinois. He names as defendants, Rich Veach, Susan Hastings, John Ashcroft, Jan Paul Miller, Harrell Watts, G. L. Hirschberger, D. Gonzales, Dayna Buck, Felix Santesteban, G. Pagli, Shane Riddell, F. A. Biershback and Alberto Gonzales. He sues the defendants in their official and individual capacity.

## Standard

  The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

  Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

  The merit review standard is the same as a motion to dismiss standard. It is well

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Allegations**

The plaintiff's allegations are vague, but after reviewing the plaintiff's complaint and attached exhibits, the court gleans the following: The plaintiff claims that he has exhausted administrative remedies. He claims that on November 22, 2003, he was placed in the Special Housing Unit pending investigation for a charge of attempted escape. On January 6, 2004, while incarcerated at the Federal Correctional Institution in Pekin, Illinois, the plaintiff received an incident report for escape. The Unit Disciplinary Committee referred the charge to the Discipline Hearing Officer (DHO) and recommended the maximum loss of good conduct time, maximum time in disciplinary segregation, and a closely supervised transfer. Because of a procedural error, the plaintiff was granted a re-hearing before the DHO and a new incident report was issued to the plaintiff on September 29, 2004. On October 20, 2004, a re-hearing was held before the DHO and the plaintiff was found guilty of attempted escape. The plaintiff was sanctioned 60 days in disciplinary segregation and loss of 40 days good conduct time. While in the Segregation Housing Unit, the plaintiff claims that he was on "the two-hour watch punishment" and he was punished by "the green card check-in and further punished by being labeled a Control Inmate Monitoring System inmate which prevented him from going to some other institution where other offenders are that were charged with attempted escape ...." Further, the plaintiff alleges that he suffered hardships while in segregation, i.e., loss of sleep, the death of his stepmother; he was not allowed to call her prior to her death due to telephone restriction while in the SHU, was not atypical of general population offenders. He suffered psychological problems and was seen by Dr. Thomas as a result of not eating for over 10 days...."

On August 5, 2005, the plaintiff filed a petition for writ of habeas corpus by a prisoner in federal custody pursuant to 28 U.S.C. § 2241. After the Bureau of Prison received his petition for writ of habeas corpus, BOP staff determined that the plaintiff's incident report should be expunged and his good conduct was restored. Therefore, the incident report was expunged due to a technical error on appeal. The U. S. Attorney responded to the plaintiff's petition for writ of

2

habeas corpus by filing a motion to dismiss. In the motion, the U. S. Attorney[2] advised the United States District Court, Central District of Illinois, that as of October 6, 2005, the plaintiff's Chronological Disciplinary Record no longer showed the January 6, 2004 incident report and his 40 days of good conduct time had been restored. The Honorable Michael M. Mihm dismissed the plaintiff's petition as moot. Nevertheless, the plaintiff filed the instant complaint against the defendants claiming that they violated his "1st, 5th, 8th and 14th Amendment rights to due process and procedural due process by alleging false statements, lying on the disciplinary report and alleging there was evidence to support the charge when there was not." The plaintiff claims the dismissal of his petition as moot had no effect on removing CIM's or preventing additional punishment for nearly two months after the court's decision. The plaintiff claims the defendants subjected the plaintiff to harm by placing him in cells occupied by other inmates.

The plaintiff has made various allegations concerning his mail. On page 7 of his complaint, he alleges that Lt. Felix Santesteban, Lt. Dayna Buck, Captain Gonzales, Warden Susan Hastings and Officer Shane Riddell opened and inspected legal mail and some of the legal mail was deliberately "late" arriving to the plaintiff. On page 10 of his complaint, the plaintiff alleges that his mail was hampered, misdirected and withheld, causing him to miss critical deadlines "for filing into the Indiana Court of Appeals and Writ of Certificate to the Indiana Supreme Court." On page 11 of his complaint, he alleges that his mail is still being opened outside his presence, delivered with regular mail, even though clearly marked "confidential" or "[o]pen only in presence of inmate." He makes these allegations against no one in particular. However, he claims that Rick Veach, the warden, is responsible for the action or inaction by mail room staff members who are not following BOP Procedures or federal law with respect to confidential correspondence. In the plaintiff's attached exhibit, a December 23, 2005 response to plaintiff's December 6, 2005 appeal of a grievance regarding his mail, Michael K. Nalley, Regional Director advised the plaintiff that in order for his mail to qualify for special handling as "legal mail" the sender must be adequately identified; the sender must be from an authorized source; and the sender must request special handling, such as "Legal Mail - Open only in the presence of the inmate" or similar language. Nalley further advised the plaintiff that because the specific sender was not identified, only the office of origin, the staff treated the mail as general correspondence.

### Discussion and Conclusion

The plaintiff fails to state a claim upon which relief may be granted. As to his claim that he was denied due process, it is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6). By the end of the administrative process, the alleged due process violations had been cured. *See*

---

[2]The plaintiff alleges "U.S. Attorney responded on October 7, 2005 stating now the B.O.P. has agreed after Plaintiff filed into Federal Court that his rights were violated and agreed to expunge the write-up and restore good time – which they did." However, a review of the United States of America's motion to dismiss, only shows that the respondents admitted that BOP staff after reviewing the incident report and record of the DHO hearing determined that the plaintiff's incident report should be expunged and good conduct time restored.

*Morrissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. The administrative review process is part of the due process afforded prisoners.) By the end of the administrative process, the alleged due process violations had been cured. Furthermore, Additionally, disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997). However, prisons must maintain "humane conditions of confinement, *see Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994), which includes adequate food, clothing, shelter, medical care, hygiene and exercise. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Del Raine v. Williford*, 32 F.3d 1024, 1033-34 (7th Cir. 1994)(cell temperature and hygiene items); *Dixon v. Godinez*, 114 F.3d at 642 ("extreme cold"); *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001)(allegation of segregation for six months with no exercise opportunities and "cell the size of a phone booth" stated claim). On the face of his complaint, the plaintiff admits that his stay in the segregation unit "was not atypical of general population offenders." The plaintiff's allegations concerning the condition of segregation do not rise to the level of a constitutional violation. The plaintiff does not allege that he was not provided with adequate food, clothing, shelter, medical care, hygiene and exercise. Further, the court knows of no constitutional right of an inmate in disciplinary segregation to use the phone, for any reason. Further, the plaintiff claim that the defendants subjected him to harm merely by placing him in cells occupied by other inmates fails to state a claim upon which relief may be granted. The plaintiff was not harmed.

Further, the plaintiff's allegations that he was placed on a "the two-hour watch" and was subjected "the green card check-in" and labeled a Control Inmate Monitoring System inmate do not rise to the level of a constitutional violation. Therefore, these claims are dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

The plaintiff 's claim, p. 11 of complaint, alleging that his mail is still being opened outside his presence, delivered with regular mail, even though clearly marked "confidential" or "[o]pen only in presence of inmate" and that Rick Veach, the warden, is responsible for the action or inaction by mail room staff who are not following BOP Procedures or federal law with respect to confidential correspondence fails to state a claim. "The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001), *citing Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . the supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must, in other words, act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)(citations omitted). Additionally, a supervisor can be liable if he is personal responsible for unconstitutional conduct–that is, the supervisor directed the conduct, or it occurred with the supervisor's knowledge and consent. *Chavez*, 251 F.3d at 651, *citing Gentry*, 65 F.3d at 561. The plaintiff's allegations do not rise to the level of a constitutional violation. Furthermore, the

type of mail the plaintiff claims was opened outside his presence does not qualify for special handling as "legal mail." *See Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) where the Court stated "[w]e think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment. It would also certainly be permissible that prison authorities require that a lawyer desiring to correspond with a prisoner, first identify himself and his client to the prison officials, to assure that the letters marked privileged are actually from members of the bar." The Bureau of Prisons requires that the sender must be adequately identified; the sender must be from an authorized source; and the sender must request special handling, such as "Legal Mail - Open only in the presence of the inmate" or similar language. However, the plaintiff merely alleges that the mail was marked "confidential" or "[o]pen only in presence of inmate." Because the specific sender was not identified, only the office of origin, the staff treated the mail as general correspondence and that does not violate the constitution.

The plaintiff's remaining allegations are that (1) Lt. Felix Santesteban, Lt. Dayna Buck, Captain Gonzales, Warden Susan Hastings and Officer Shane Riddell opened and inspected legal mail and some of the legal mail was deliberately "late" arriving to the plaintiff and (2) his mail "was still being hampered, misdirected and withheld causing Plaintiff to miss critical deadlines for filing into the Indiana Court of Appeals and Writ of Certificate to the Indiana Supreme Court. He claims that Capt. Gonzales and Warden Rich Veach violated his rights by not processing the mail in accordance with federal law and BOP Policy. The plaintiff does not allege that for each piece of "legal mail" the sender was adequately identified; the sender was from an authorized source; and the sender requested special handling, such as "Legal Mail - Open only in the presence of the inmate." Further, it is not clear whether the mail discussed in these claims is the same mail discussed in Michael K. Nalley's December 23, 2005 response, which was not legal mail requiring special handling. Therefore, pursuant to 28 U.S.C. Section 1928(A), the plaintiff is ordered to provide a copy of the envelopes that contained the mail that he complains about and further he is directed to advise the court of the length of the delays and how he was harmed by the opening of the mail and delays. Further, the plaintiff is directed to advise the court of the critical deadlines he missed for filing in the Indiana courts and how he was harmed. Further, the plaintiff is to advise the court how each of the above defendants violated his rights regarding his mail.

An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case). "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented form presenting legitimate grievances to a court. Various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court

deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). Here, the plaintiff has alleged that he missed critical court deadlines, but it is not clear that he suffered an actual injury as a result of missing a critical deadline.

Last, the plaintiff's motion for appointment of counsel [10] is denied. Appointment of counsel is not warranted in this case. Neither the legal issue raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. The plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. *See Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983). It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. The motion is denied pursuant to *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981). *See Merritt*, 697 F.2d 761, 763 (7th Cir. 1983) and *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

**It is therefore ordered:**

1. **Based on the foregoing and pursuant to 28 U. S. C. Section 1928(A) and Fed R. Civ. Pro. Rule 12(b)(6), the plaintiff's claim that he was denied due process, subjected to inhumane conditions of confinement, denied phone calls, subjected to "the two-hour watch" and "the green card check-in," and labeled a Control Inmate Monitoring System Inmate and his claim, found on page 11 of his complaint, that his mail is still being opened outside his presence, delivered with regular mail, even though clearly marked "confidential" or "[o]pen only in presence of inmate" against Rick Veach are dismissed.**
2. **Pursuant to 28 U. S. C. Section 1928(A) and Fed. R. Civ. Pro. Rule 12(b)(6), the defendants, Harrell Watts, G. Pagli, G. L. Hirschberger, F. A. Biershback, John Ashcroft, Jan Paul Miller and Alberto Gonzales are dismissed as defendants. The clerk of the court is directed to terminate these defendants, forthwith.**
3. **Pursuant to 28 U.S.C. Section 1928(A), the plaintiff is ordered to provide a copy of the envelopes that contained the mail that he complains about on page 7 and page 10 of his complaint, and further he is directed to advise the court of the length of the mail delays and how he was harmed by the opening of the mail and delays. Further, the plaintiff is directed to advise the court of the critical deadlines he missed for filing in the Indiana courts and how he was harmed. Further, the plaintiff is to advise the court how each of the remaining defendants Susan Hastings, D. Gonzales, Dayna Buck, Felix Santesteban, Shane Riddell and Rich Veach violated his rights regarding his mail.**
4. **The plaintiff is directed to comply with this order within fourteen days of the date of this order. The plaintiff is forewarned that failure to comply within the specified**

   **time will result in a summary dismissal of the plaintiff's remaining claims and**

      **ultimate dismissal of this lawsuit.**
5. **Based on the foregoing, the plaintiff's motion for appointment of counsel [10] is denied.**

**Enter this 18th day of October 2006.**

                          s\Harold A. Baker

                          _____
                              **Harold A. Baker**
                        **United States District Judge**